**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(*Northern Division*)

| | | |
|---|---|---|
| **RICHARD KURLAND, et al.,** | * | |
| Plaintiffs | * | |
| vs. | * | Case No.: 1:15-cv-2668-JKB |
| **ACE AMERICAN INSURANCE COMPANY, et al.** | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS ACE AMERICAN INSURANCE COMPANY'S AND
BANKERS STANDARD INSURANCE COMPANY'S
ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants ACE American Insurance Company and Bankers Standard Insurance Company (hereinafter "Defendants"), by and through their counsel, Craig D. Roswell and Alicia D. Stewart, and Niles, Barton & Wilmer, LLP, submit this Answer to Plaintiffs Richard and Marti Kurland's (hereinafter "Plaintiffs") Complaint and state as follows:

### NATURE OF THE ACTION

1. Defendants admit that the Complaint is for breach of a contract of insurance covering Plaintiffs' residence and that Plaintiffs' residence was insured under a policy of insurance issued by Defendant Bankers Standard Insurance Company, an ACE Group Company. Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint.

### THE PARTIES

2. Admitted.

3. Denied.

4. Admitted.

## JURISDICTION AND VENUE

5. The allegations in Paragraph 5 of the Complaint are statements or conclusions of law for which no answer is required. To the extent that the allegations are deemed factual allegations, Defendants deny that Plaintiffs are able to establish a claim for damages and the amount of the damages referenced in Paragraph 5.

6. The allegations in Paragraph 6 of the Complaint are statements or conclusions of law for which no answer is required.

## FACTUAL ALLEGATIONS

7. Defendants contend that the policy speaks for itself.

8. Defendants contend that the policy speaks for itself. Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Defendants contend that the document attached as Exhibit B to the Complaint speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendants contend that the policy speaks for itself. Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

13. Denied.

14. Defendants contend that the policy speaks for itself. Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendants contend that the policy speaks for itself. Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendants contend that the policy speaks for itself. Defendants deny the remaining allegations contained in Paragraph 16 of the Complaint.

17. Denied.

18. Defendants admit that Plaintiffs made a claim to Defendants on April 17, 2015. Defendants deny the remaining allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit that on May 12, 2015, they tendered a check in the amount of $24,830.90 to Plaintiffs for water/mold damage, which Plaintiffs have not deposited or negotiated. Defendants deny the remaining allegations contained in Paragraph 19 of the Complaint.

## COUNT I
## BREACH OF CONTRACT

20. Defendants adopt and incorporate all previous Paragraphs as if fully restated herein.

21. Admitted.

22. Denied.

23. Denied.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred by accord and satisfaction.

3. Plaintiffs' claims are barred by the doctrine of estoppel.

4. Plaintiffs' claims are barred by the doctrine of payment.

5. Plaintiffs' claims are barred by the doctrine of release.

6. Plaintiffs' claims are barred by the applicable statute of limitations.

7. Plaintiffs' claims are barred by the doctrine of waiver.

## **ADDITIONAL DEFENSES**

1. Plaintiffs have failed to mitigate their damages.

2. Plaintiffs' alleged damages, to the extent they exist, are the result of the Plaintiffs' own actions or inactions.

3. If Plaintiffs suffered the damages alleged, which Defendants expressly deny, such damages resulted from a pre-existing condition for which Defendants would not be responsible.

4. Plaintiffs' claims for damages are not covered under the applicable contract of insurance.

5. Plaintiffs' claims are barred by the terms and conditions of the applicable contract of insurance.

6. Plaintiffs' alleged damages resulted from other and further reasons for which Defendants would not be responsible.

7. Plaintiffs' claims are barred due to their own failures, and not by any failures on the part of Defendants.

8. Defendants reserve all additional and factual legal defenses as may become available during discovery and/or at trial.

WHEREFORE, Defendants ACE American Insurance Company and Bankers Standard Insurance Company, having fully answered each of the Counts and Causes of Action asserted against them in this case, requests that the Complaint be dismissed and that they be awarded the costs of this action and such other and further relief to which they are entitled.

Respectfully submitted,

_____/s/_____
CRAIG D. ROSWELL # 09529
ALICIA D. STEWART # 29742
Niles, Barton & Wilmer, LLP
111 S. Calvert Street, Suite 1400
Baltimore, MD 21202
(410) 783-6300
cdroswell@nilesbarton.com
adstewart@nilesbarton.com
*Attorneys for Defendants*
*ACE American Insurance Company and*
*Bankers Standard Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of November 2015, a copy of Defendants' Answer to Complaint was served via the Court's ECF system on:

Brian S. Goodman, Esq.
Justin A. Redd, Esq.
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, MD 21202
bgoodman@kg-law.com
jredd@kg-law.com
*Attorneys for Plaintiffs*

_____/s/_____
Craig D. Roswell

4831-5739-2170, v. 1