IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RICHARD KURLAND *et al.*, | * |
| Plaintiffs | * |
| v. | * |
| ACE AMERICAN INS. CO. *et al.*, | * CIVIL NO. JKB-15-2668 |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This case was filed in September 2015 and closed in July 2017 after the parties settled. Plaintiffs now seek to seal their case and the instant pending motion because, despite the remediation of all problems with their home, they are unable to sell it. (ECF No. 50.) Although the Court sympathizes with Plaintiffs, the motion will be denied because it fails to meet the governing standard for sealing a case.

Whether a court document should be sealed requires consideration of the standard set forth in *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567 (4th Cir. 2004). A party's mere desire to keep information confidential does not suffice. Documents submitted to a court to support or oppose a motion for summary judgment can only be sealed if they pass a First Amendment test. *Id.* at 578. Thus, the proponent of sealing such documents must proffer a compelling governmental interest and must show that the proposed sealing is narrowly tailored to serve that interest. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988), *cited in Va. Dep't of State Police*, 386 F.3d at 578. Further, the party requesting sealing must present specific reasons in support of its position. *Id.* at 575. In considering a motion to seal, a district court must give the public both notice of the sealing request and a reasonable opportunity

to challenge it. *Id.* at 576. In addition, consideration must be given to alternatives less drastic than sealing. *Id.* Plaintiffs have failed to demonstrate a compelling governmental interest to justify sealing the Defendants' motion for summary judgment or any of its exhibits. Nor have they proposed a viable, less drastic alternative to sealing the entire case.

The Court notes that the rest of the documents filed were not in connection with a dispositive motion and, therefore, need not meet the higher bar of First Amendment sealing. Instead, the Fourth Circuit has differentiated between court documents that must be accessible to the press and public on First Amendment grounds and other court documents. *Va. Dep't of State Police*, 386 F.3d at 575 ("the common law 'does not afford as much substantive protection to the interests of the press and the public as does the First Amendment'"). Thus,

> The common law presumes a right of the public to inspect and copy all judicial records and documents. This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access, and [t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. Some of the factors to be weighed in the common law balancing test include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records. Ultimately, under the common law the decision whether to grant or restrict access to judicial records or documents is a matter of a district court's supervisory power, and it is one best left to the sound discretion of the [district] court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.

*Id.* at 575 (citations and internal quotation marks omitted) (alterations in original). But even this less stringent standard has not been met by Plaintiffs. They chose to air their grievance in a public forum, the records of which are public records and presumed to be transparent to the public. And those records stayed accessible to the public for three years before Plaintiffs sought to have the case sealed. That the injurious allegations have been of public interest is borne out by their presence on the Internet. The unfortunate consequence of Plaintiffs' decision to seek

2

justice for the damage done to their house is that the allegations have been reported but not Plaintiffs' apparently successful efforts at remediation. Even so, the public interest still outweighs Plaintiffs' interest in selling their house, and for that reason, their motion is DENIED.

SO ORDERED.

DATED this 13 day of September, 2018.

BY THE COURT:

James K. Bredar
Chief Judge